**Jereline SHORT, Plaintiff,**

v.

**WESTERN ELECTRIC COMPANY, INCORPORATED, Defendant.**

**Civ. A. No. 79–3397.**

United States District Court, D. New Jersey.

July 23, 1982.

Winne, Banta & Rizzi by Peter G. Banta, Donald A. Klein, Hackensack, N.J., for petitioner The Bergen Evening Record.

Pitney, Hardin, Kipp & Szuch by Gregory C. Parliman, Morristown, N.J., for defendant.

## OPINION

CLARKSON S. FISHER, Chief Judge.

This motion is brought by The Bergen Evening Record Corporation (Record) to unseal certain documents in the within matter. The Record is presently a defendant in a libel suit filed in the Superior Court of New Jersey (Docket No. L–66934–80) by Lawrence J. Holt, Jr., an employee of Western Electric Company, Incorporated, as a result of an article published by the Record entitled "Trapping Office Wolves with Lawsuits." The article describes the action filed by Jereline Short against Western Electric, alleging sexual harassment by its employee Holt. The case was settled, and the parties requested that the court seal all of the deposition transcripts and the transcript of the settlement proceeding. The Record contends that, because of the pending libel suit against it, this court should lift its protective order unconditionally[1] and permit access to the sealed depositions, since they are relevant and necessary to the defense of the present libel action.

The Record argues that the protective order issued by this court in this matter violates its first amendment rights. It characterizes the order as a "prior restraint."

It is beyond question that this court has discretionary power to control and seal, if necessary, records and files in its possession. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). In exercising this discretion, the court must weigh the interests of the public against those advanced by the parties. *Id.* at 602, 98 S.Ct. at 1314.

In *Rodgers v. United States Steel Corp.*, 536 F.2d 1001, 1006 (3d Cir.1976), the court was faced with the issue of whether or not a restraining order violated Rodger's first amendment rights as a "prior restraint" of expression. Although the Third Circuit found that the district court sought to prohibit the disclosure of information on matters obtained independent of the court's processes, it held this to be prohibited as a "prior restraint." "[F]or purposes of this appeal, we assume *arguendo* that if the district court had prohibited disclosure only of information derived from the discovery processes, its order would have been constitutional...." (citation omitted). *Id.* at 1006.

In the case at hand, the only documents that have been sealed were obtained through the compulsory discovery process. There is nothing in the order which attempted to limit the parties' use of related information otherwise in its possession.

In support of its position the Record cites *Koster v. Chase Manhattan Bank*, 93 F.R.D. 471 (S.D.N.Y.1982). In *Koster* the court was faced with "a proposed order, which would prohibit dissemination of information that may injure their interests." *Id.* at 481. The court found the order too broad. A similar situation was presented in *Reliance Ins. Co. v. Barron's*, 428 F.Supp. 200, 202 (S.D.N.Y.1977), where the district court held that a request for an order of

---

1. Western Electric has consented to the Record's use of the depositions but limited the use solely to the defense of the libel action. The Record now seeks to use the depositions without any conditions imposed.

confidentiality limiting the use of discovery was a "prior restraint." *Reliance* is distinguishable from the matter at hand in that the request, if granted, would result in a blanket sealing of all documents without affording the court an opportunity of review. The order sought in *Reliance* was overly broad. Clearly that is not the case here. I have had an opportunity to review the documents and I have determined Western Electric has provided the court with information from which I can reasonably conclude that the nature and magnitude of Western Electric's interests are such that protective intervention by this court is justified. *See* Fed.R.Civ.P. 26(c).

As a result of a clerical mistake, the transcript of the settlement proceeding has been disseminated and no longer is within the judicial process. Accordingly, I cannot and will not order it resealed. *See United States v. New York Times Co.*, 403 U.S. 713, 722–24, 91 S.Ct. 2140, 2145–46, 29 L.Ed.2d 822 (1971).

I have balanced the interests of the public against those advanced by Western Electric and have determined not to unseal the depositions. The defendant shall submit an order within ten days. No costs.